UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60898-CIV-MARRA

MARTY STEINBERG,
as Court-appointed Receiver for
LANCER MANAGEMENT GROUP
LLC, et al.

       Plaintiffs

vs.

A ANALYST LIMITED, et al.

       Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon the Receiver's Motion For an Order Authorizing Receiver to Engage in Limited Jurisdictional Discovery, and Extending Deadline For Receiver to Respond to FirstRand (Ireland), PLC's Motion to Dismiss Amended Complaint [DE 396].  The motion is fully briefed and ripe for review.

Background

On January 17, 2007, the Receiver filed the Fourth Amended Complaint ("Amended Complaint") including claims against FirstRand (Ireland) PLC, by and through its predecessor RMB International, Ltd. ("FirstRand").  On September 28, 2007, FirstRand filed its Motion to Dismiss Amended Complaint.  In the Motion to Dismiss, FirstRand argues, among other things, that this Court lacks personal jurisdiction over it.  FirstRand submitted the Declaration of Patrick Smith (the "Declaration") wherein FirstRand attempts to establish that it lacked sufficient

minimum contacts with the state of New York to be subject to the jurisdiction of this Court.

The Receiver believes that FirstRand has submitted to the jurisdiction of this Court by virtue of its contacts with New York and other jurisdictions within the United States.  The Receiver seeks permission to conduct jurisdictional discovery as to FirstRand prior to responding to the Motion to Dismiss.

FirstRand argues that authorizing jurisdictional discovery is improper in its case because, according to FirstRand, the Receiver has not provided a factual predicate upon which jurisdiction could reasonably be based.

## Discussion

"It is now clear that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits."  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues."  *Id.* at n13.  When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss.  8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2009 (2006); *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 730 (11th Cir. 1982) ("[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation, . . .  [then] discovery will certainly be useful and may be essential to the revelation of facts necessary to

decide the issue"); *see also Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 443 (D. Md. 2001).

According to the Eleventh Circuit Court of Appeals, "[t]he problem is the degree to which such discovery is mandatory or discretionary." *Eaton*, 692 F.2d at 729 (reversing dismissal for lack of subject matter jurisdiction and remanding for discovery on jurisdictional facts where deposition had not taken place because a "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction.")  According to *Eaton*, jurisdictional discovery is not entirely discretionary.  *Id*. at 733.

While some circuits allow jurisdictional discovery more freely than others, Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.  *See, e.g., Eaton.*, 692 F.2d at 731; *Majd-Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made); *Blanco v. Carigulf Lines,* 632 F.2d 656, 657 (5th Cir.

1980)[1] (dismissal was error where defendants had not responded to plaintiff's interrogatories); *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1248-49 (5th Cir. 1976) (held "that the district court acted too drastically in entering its order of dismissal without giving plaintiff a further opportunity for discovery" though defendants had answered 184 interrogatories); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.) (*en banc*), *cert. denied*, 414 U.S. 1116 (1973) (denial of jurisdictional discovery reversed though the plaintiff had agreed in writing that discovery would not take place until after the district court had ruled on defendants' motion to dismiss); *Washington v. Norton Manufacturing Co.*, 588 F.2d 441, 443 (5th Cir.), *cert. denied*, 442 U.S. 942 (1979); *cf. Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214, n.7 (11th Cir. 1999) (no error when district court dismissed case before any discovery efforts were made and only allusion to jurisdictional discovery was on first page of memorandum in opposition to the motion to dismiss filed seven and one-half months after the complaint and more than five months after the filing of the motion to dismiss).

Notably, this case present an atypical situation.  Ordinarily, an attorney can turn to his client and obtain relevant information about the defendant's contacts with a particular forum.  Here, the Receiver has been placed in charge of entities,

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

the controlling person of which is now an adversary.  The Receiver cannot readily determine facts that are within the exclusive control of FirstRand.  Thus, he is handicapped in his present ability to develop facts independent of the use of the discovery process.

On the other hand, the Court recognizes that there may be times when it would be an abuse of discretion to allow such discovery if there are no legitimate grounds upon which jurisdiction could lie.  FirstRand objects to the Receiver's request for jurisdictional discovery claiming the Receiver has not alleged sufficient facts regarding its contacts with the relevant forum, and asserts that responding to limited jurisdictional discovery would subject it to unnecessary burden and expense.[2]

The Fourth Amended Complaint alleges that FirstRand was an investor in the Funds, that the Funds were managed by Michael Lauer and his associated management companies in New York, and that the Funds invested in a variety of United States securities listed on various United States exchanges and markets.  The Receiver alleges that the Funds' assets, records, accounts and management were all located in New York.  The Receiver also argues that investors typically met with and/or spoke with Lauer prior to investing in the Funds.  *See* Fourth Amended Complaint, ¶¶ 10, 19, 23, 24, 38, 39, 45, 50-57, 59, 60, 65-74, 82-84, 90 and DE 255 at

---

[2] The Court notes that FirstRand has already gone to considerable expense in opposing the Receiver's motion by submitting an opposition memorandum, consisting of 12 pages of carefully crafted legal argument, along with a two page declaration drafted solely for purposes of FirstRand's response.

¶ 10.

Because the Receiver is faced with a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, based on these allegations and the fact that the Receiver is operating at a disadvantage with no "client" from whom he can get information, the Court finds narrowly tailored and limited jurisdictional discovery relative to First-Rand's contacts with the United States is appropriate.  The Court will allow the Receiver to propound written discovery to FirstRand as detailed below.   It is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion For an Order Authorizing Receiver to Engage in Limited Jurisdictional Discovery, and Extending Deadline For Receiver to Respond to FirstRand (Ireland), PLC's Motion to Dismiss Amended Complaint [DE 396] is **GRANTED** as follows:

(1)    The Receiver may serve written jurisdictional discovery (interrogatories and requests for production of documents) on Defendant FirstRand within two weeks of the entry date of this order.  The discovery must be narrowly tailored to personal jurisdiction issues implicated by the motions to dismiss, and may not stray to merits issues or other aspects of the motions to dismiss.[3]  The parties are directed to confer and cooperate in good faith in determining the logistics of the discovery.  No

---

[3]  This jurisdictional discovery is not a substitute for, and in no way shall preclude, merits discovery of the Defendants during the ordinary course of discovery if the pending motions to dismiss are denied.

further discovery will be permitted except upon a showing of good cause.

(2)    The deadline for the Receiver to respond to the Motion to Dismiss is extended until 45 days after receiving responses to the jurisdictional discovery, or 45 days after discovery is completed if the Court permits the Receiver additional jurisdictional discovery.

(3)    The deadline for FirstRand to file a reply in support of the Motion to Dismiss is extended until 20 days after the Receiver files its response

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of December, 2007.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record