UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60898-CIV-MARRA

MARTY STEINBERG,
as Court-appointed Receiver for
LANCER MANAGEMENT GROUP
LLC, et al.

    Plaintiffs
vs.

A ANALYST LIMITED, et al.

    Defendants.
_____/

## ORDER AND OPINION REGARDING ZCM ASSET HOLDING COMPANY

THIS CAUSE is before the Court upon Defendant ZCM Asset Holding Company (Bermuda) Limited's Motion to Vacate Orders Granting *Ex Parte* Motions [DE 309] and Defendant ZCM Asset Holding Company (Bermuda) Limited's Motion to Dismiss Fourth Amended Complaint [308].  The motions are fully briefed and ripe for review.  The Court has carefully considered the motions, responses, and replies, and is otherwise fully advised in the premises.

Procedural Background

On July 9, 2004, the Receiver filed a complaint ("Complaint") initiating this proceeding against numerous parties who received allegedly avoidable and fraudulent transfers ("Excess Redemptions"), including ZCM.  The Receiver filed the Complaint on this date to prevent the potential running of applicable statutes of limitations.  DE 317, ¶ 14.

The Complaint alleged that distributions to ZCM, in redemption of Lancer fund shares held by ZCM on behalf of two ZCM clients (Genesis Alternative Investment Fund, Ltd., and OGH Trust as Pledgor), during the period September 1999 through July 2000, occurred at a time that Lancer was insolvent and thus constituted fraudulent transfers.  The Complaint further alleged that ZCM was unjustly enriched by the transfers and sought recovery under that equitable theory.

The Receiver did not serve the Complaint upon ZCM "[t]o avoid the expenses of potentially unnecessary litigation . . . while he continued to investigate the circumstances surrounding the transfers made to ZCM."  DE 317, ¶ 15.  On April 28, 2005, the Receiver filed a "Notice of Voluntary Dismissal Without Prejudice" as to many defendants, including ZCM [DE 10].  An Amended Complaint was filed on the same day [DE 11], and then a Second Amended Complaint was filed about two weeks later [DE 13].  ZCM was not named as a defendant in either of these amended complaints.  Following the filing of the Second Amended Complaint, the Receiver sent out notices of the lawsuit and requests for waiver of service to 39 defendants.  ZCM was not one of those 39 defendants.

In January 2006, the Receiver moved for leave to file a Third Amended Complaint.  By this motion, the Receiver requested that the Court grant him leave to file a proposed Third Amended Complaint, which, among other things, reinstated ZCM as a defendant in the proceeding.  In his motion, the Receiver stated that ZCM had been inadvertently dismissed.  DE 88, ¶ 10, *see also* DE 317, ¶ 16.  The failure to

include ZCM in either the Amended Complaint or the Second Amended Complaint was never explained.  Importantly, the Receiver represented that no prejudice would be suffered by the "Inadvertently Dismissed Defendant" because ZCM had not yet been served, and because no claims against ZCM were being asserted other than those made in the original Complaint.  The Court granted the Motion for Leave to Amend on February 27, 2006.

A summons was issued for ZCM for the first time on June 19, 2006.  The Receiver subsequently sought extensions of time for serving the complaint [DE 150, 270], and sought leave to file a Fourth Amended Complaint [DE 259].  Eight months passed since the summons issued before ZCM was finally served and first learned of this lawsuit on February 9, 2007.

ZCM complains that it now finds itself a named defendant in this late-filed action, years after the expiration of the statute of limitations, at significant expense of time and legal fees.  ZCM argues that its business address and contact information has always been publicly available through the Registrar of Companies in Bermuda, but that ZCM has been winding down since 2003.  Ex. A ¶¶ 3, 6.  ZCM asserts that if the Receiver had made any effort whatsoever to contact ZCM and provide notice of the pending litigation in its earlier stages, ZCM would have been able to take steps closer in time to when it was an operating entity to investigate the underlying facts and segregate relevant documents and information.  ZCM states that none of the persons who were involved in the underlying financing transactions, or the

investments in Lancer and redemptions of the same that are at dispute in this matter, remain affiliated with ZCM.  Ex. A. ¶ 6. It also argues prejudice that had it been notified of this matter, it would have had the opportunity to oppose the Motion for Leave to File Third Amended Complaint.  The Receiver's failure to provide notice of the motion to ZCM, which ZCM argues could have been easily done, denied ZCM of the opportunity to show the Court that ZCM could no longer be sued on these claims.

In its motions, ZCM asserts that the claims against it are barred by the applicable statute of limitations.  The Receiver responds that the statute of limitations should be equitable tolled.  Alternatively, the Receiver raises the possibility that the law of New York, which provides for a six-year statute of limitation, may be applicable to this action, rendering the Receiver's causes of action against ZCM timely even without application of equitable tolling.

Statute of Limitations

A statute of limitations bar is "an affirmative defense, and ... plaintiff[s][are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)).  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.  *Id.* (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)); *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002).

The Fourth Amended Complaint asserts the following claims against ZCM:

I. Actual fraudulent transfer under Florida Statutes § 726.105(1)(a), Florida Statutes § 726.108, and other applicable law;

II. Constructive fraudulent transfer under Florida Statutes § 726.105(1)(b), Florida Statutes § 726.108, and other applicable law;

III. Constructive fraudulent transfer under Florida Statutes § 726.106(1), Florida Statutes § 726.108, and other applicable law; and

IV. Unjust enrichment.

DE 259. The transfers that form the basis of ZCM's alleged liability were made during the period September 1999 through July 2000.

A cause of action with respect to Count I is extinguished unless the action is brought within four years after the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered by the claimant. Fla. Stat. § 726.110(1). A cause of action with respect to Counts II and III is extinguished unless the action is brought within four years of the alleged transfer, regardless of when the transfer is ultimately discovered. Fla. Stat. § 726.110(2). The statute of limitations for unjust enrichment is four years. Fla. Stat. § 95.11(3)(k). Florida courts have refused to apply the delayed discovery doctrine to unjust enrichment claims. *See Davis v. Monahan*, 832 So.2d 708, 712 (Fla. 2002).

Beginning with Counts II, III and IV, these claims are extinguished by operation of Florida law unless brought within four years from the date of last alleged fraudulent transfer, or in this case, by July 2004. Fla. Stat. § 726.110(2); Fla. Stat. §

95.11(3)(k).  The Third Amended Complaint which reinstated ZCM as a defendant was deemed filed on February 27, 2006.  This is indisputably after the expiration of the statute of limitations as to Counts II (constructive fraudulent conveyance - 4 years statute of limitations), Count III (same), and Count IV (unjust enrichment - 4 year statute of limitations).

Turning now to Count I, the statute of limitations may be extended if it is shown that the claim is made within one year after the transfer was or could reasonably have been discovered by the claimant.  ZCM argues that the Receiver necessarily admits he had notice of the alleged fraudulent transfers to ZCM by no later than the filing of the original Complaint because he states in his motion for leave to file the Third Amended Complaint that its allegations as to ZCM are identical to those that were in the original Complaint.  *See* DE 88.  *See Hunt v. American Bank & Trust Co.*, 606 F. Supp. 1348 (N.D. Ala. 1985), *aff'd*, 783 F.2d 1011 (11th Cir. 1986) (finding that plaintiffs could not dispute that they were on notice as to the existence of claims where a prior complaint was filed against the same defendants, asserting identical claims).

The Receiver's response to this argument is simply that he "did not have all of the information necessary to completely and properly evaluate the Excess Redemptions to ZCM," and that in "an abundance of caution, [he] filed the original Complaint within one year of the date of his appointment."  DE 344 at 11.  The Court has reviewed the original Complaint and compared it to the Fourth Amended

Complaint.  Both complaints allege the same exact transfers, with the same trade dates, numbers of shares and net cash transactions as to ZCM.  Based on the face of the Complaint, it is apparent that the alleged fraudulent transfers were discovered by the Receiver no later than the date of the original Complaint, or July 9, 2004.  Pursuant to Fla. Stat. § 726.110(1), the Receiver had one year from July 9, 2004 (the latest date it could be said the Receiver discovered the transfers) or July 9, 2005, to file his claim under Florida Statutes § 726.105(1)(a) (Count I) against ZCM.  The Third Amended Complaint was deemed filed after that date, on February 27, 2006.  *See* DE 99.

Contrary to the Receiver's assertions, he cannot relate his claims back to the filing of the original Complaint.  The Receiver voluntarily dismissed the original Complaint against ZCM.  That Complaint was thus rendered a nullity with respect to ZCM and cannot be used to toll the running of the statute of limitations.  Although the filing of a complaint will initially toll the running of the statute of limitations, the subsequent voluntary dismissal of the action had the effect of placing the parties in a position as if the suit had never been filed.  *See Dade Co. v. Rohr Indus.*, 826 F.2d 983, 989 (11th Cir. 1987).  "[W]hen an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." *McBride v. Pratt & Whitney*, 909 So. 2d 386, 388 (Fla. Dist. Ct. App. 2005).  The dismissal eliminated ZCM from this case at that time.

Equitable Tolling

"'Equitable tolling' is a doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). Equitable tolling should be "applied sparingly" by the courts. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is available and appropriate where the plaintiff untimely files his complaint because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden rests with a plaintiff to show that equitable tolling is warranted. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

The Eleventh Circuit has held that equitable tolling is appropriate where the defendant misleads the plaintiff into allowing the statute of limitations to lapse, where the plaintiff has no reasonable way of discovering the wrong perpetrated against him during the statutory period, or where the plaintiff timely files a technically defective pleading but acts with proper diligence in prosecuting his claim. *Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993); *see also Irwin v. Veterans Administration*, 498 U.S. 89, 96 (1990). Due diligence by plaintiff is insufficient alone, and equitable tolling does not apply to "garden variety" claims of excusable neglect. *Justice*, 6 F.3d at 1479-80; *Irwin*, 498 U.S. at 96; *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("It is a common maxim that equity is not

intended for those who sleep on their rights").

The Receiver argues equitable tolling is applicable to this case by analogizing himself to a bankruptcy trustee, where statutes of limitations have been tolled in order to further the goal of recovering funds for distribution to creditors. The cases cited by the Receiver stand for the proposition that in special circumstances of excusable ignorance, or if the defendant's wrongful conduct prevents a timely filing, the statute of limitations on an avoidance claim may be equitably tolled. *See In re Olsen*, 36 F.3d 71 (9th Cir. 1994); *In re Stanwich Fin. Servs. Corp.*, 29 B.R. 25 (Bkrtcy. D. Conn. 2003); *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 700 (11th Cir. 2005). These cases are inapplicable here where it is not alleged that ZCM did anything wrongful regarding the Receiver's decision to voluntarily dismiss it, or that special circumstances were responsible for the Receiver's failure to keep ZCM in the case. The Receiver has not met his burden of demonstrating that he either "acted with due diligence to discover the negligently concealed fraud or that one of the parties involved in the alleged fraud took positive steps to conceal the transfers." *In re Int'l Admin. Servs.*, 408 F.3d at 702. Whatever complications the Receiver encountered upon his appointment, they presented no impediment to his ability to bring the allegations against ZCM in the original Complaint. Through no influence of ZCM, the Receiver dismissed those allegations, then reasserted identical claims against ZCM a year later, almost six years after the purportedly fraudulent transfers. Nothing about these circumstances would support an application of equitable tolling.

Since the original Complaint became a nullity as to ZCM when the Receiver voluntarily dismissed it as to ZCM, the relevant filing for purposes of determining whether the Receiver brought suit against ZCM within the statute of limitations is the filing of the Third Amended Complaint on February 27, 2006.  As a matter of indisputable fact on the face of the Complaint, the statutes of limitation as to every count asserted against ZCM under Florida law expired well before the Third Amended Complaint was filed.[1]  The claims asserted in the Third Amended Complaint under Florida Statutes are time-barred.  *McBride v. Pratt & Whitney*, 909 So. 2d 386, 388 (Fla. Dist. Ct. App. 2005) ("there exists a well-established line of authority in civil cases holding that, when an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed"); *Barrentine v. Vulcan Mats. Co.*, 216 So. 2d 59, 61 (Fla. Dist. Ct. App. 1968); *Hamilton v. Largo Paint & Decorating, Inc.*, 335 So.2d 623, 624 (Fla. Dist. Ct. App. 1976).  This is true even if the initial dismissal of ZCM was without prejudice.  *See Smith v. Pennsylvania Glass Sand Corp.*, 123 F.R.D. 648, 649 (N.D. Fla. 1988) (recognizing that dismissal for failure to timely serve the defendant would effectively be with prejudice, as the statute of limitations had run and plaintiff's claim would be time-barred).  Far from being overly-strict or

---

[1] This is in contrast to the situation presented in *Steinberg v. 375 Park Ave. LP, et al.*, Case No. 04-60899-Civ-Marra, where factual questions regarding when the Receiver discovered or could have reasonably discovered the alleged fraudulent transfer to Martin Garvey prevented dismissing the claim as time-barred.

technical, dismissal of a time-barred action is required by justice, as is adherence to a statutorily-set period of limitation.  "Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary."  *Kavanagh v. Noble*, 332 U.S. 535, 539 (1947).

Other Applicable Law

The Receiver has not limited his recovery of the Excess Redemptions to causes of action solely under Florida law.  The Receiver has asserted causes of action against ZCM and the other named defendants under Florida and "other applicable law."  The Receiver's pleadings leave open the possibility that the laws of states other than Florida may apply to the Receiver's recovery of the Excess Redemptions, and the Receiver has preserved his right to proceed under "other applicable law."  This allegation serves to preserve the Receiver's claims against ZCM in the event the substantive law of some other state governs the Receiver's claims.  The Receiver raises the possibility that the law of New York, which provides for a six-year statute of limitation, may be applicable to this action.

In his Motion for Leave to File Third Amended Complaint [DE 88], the Receiver represented to the Court that ZCM ("the Inadvertently Dismissed Defendant") would not be prejudiced by the granting of the motion.  This representation was not completely accurate.  Certainly, under Florida law, reinstating ZCM as a defendant, where the statute of limitations has run and relating the filing of the Third Amended Complaint back to the date of the filing of the original complaint or equitably tolling

the running of the limitations period, would be prejudicial.  If New York law applies, however, the statute of limitations may not have run on some of the alleged fraudulent transfers.  Under those circumstances, there would be no prejudice in having granted the motion for leave to file the Third Amended Complaint.  ZCM's argument that it has been prejudiced because of the passage of time and the current state of its business in a winding down mode is unpersuasive.

The Court has insufficient information as to whether Florida or New York better satisfies the "significant relationship test" of the Restatement (Second) of Conflict of Laws.  If under a conflict of laws analysis, it is determined that Florida law applies, this case may not proceed against ZCM and ZCM will be dismissed.  If it is determined that New York law should apply and, if it is shown that the New York statute of limitations has not run as to some of the transfers in question, then prejudice has not been shown and the case may proceed.

Accordingly, for the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Defendant ZCM Asset Holding Company (Bermuda) Limited's Motion to Vacate Orders Granting *Ex Parte* Motions [DE 309] is denied without prejudice, and Defendant ZCM Asset Holding Company (Bermuda) Limited's Motion to Dismiss Fourth Amended Complaint [308] is denied without prejudice.  The Receiver may proceed with its claims against ZCM only with respect to allegedly fraudulent transfers that may have occurred within the six year statute of limitations of New York as measured from the filing date February 27, 2006, and

only if under a conflict of law analysis it is determined that New York law applies to the transfers in question.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2008.

                                      KENNETH A. MARRA
                                      United States District Judge

copies to:

All counsel of record