UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60898-CIV-MARRA

MARTY STEINBERG,
as Court-appointed Receiver for
LANCER MANAGEMENT GROUP
LLC, et al.

      Plaintiffs

vs.

A ANALYST LIMITED, et al.

      Defendants.

_____/

### ORDER AND OPINION GRANTING SWISSTOR & CO.'S RENEWED MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

THIS CAUSE is before the Court upon Swisstor & Co.'s Renewed Motion to

Dismiss the Fourth Amended Complaint [DE 442].  The motion is fully briefed and ripe

for review.  The Court has carefully considered the motion, response, and reply, and

is otherwise fully advised in the premises.

### Background and Introduction[1]

On July 8, 2003, the Securities and Exchange Commission filed in this Court a

Complaint for Injunctive and Other Relief against Michael Lauer, Lancer Management

Group, LLC, Lancer Management Group II, LLC, Lancer Offshore, Inc., Lancer

---

[1] Because the Court assumes familiarity with this case and the numerous substantive orders entered on similar motions filed in the Enforcement Action and ancillary matters, it will engage in only a brief discussion of the factual and procedural background of this case.

Partners, L.P., Omnifund, Ltd., LSPV, Inc. and LSPV, LLC, initiating Case No. 03-

80612-CIV (the "Enforcement Action").  On July 10, 2003, this Court entered an Order

appointing the Receiver in the Enforcement Action, which, among other things,

appointed Marty Steinberg as receiver for the above mentioned entities.  Paragraph 2

of the Receivership Order directs the Receiver to:

> Investigate the manner in which the affairs of Lancer, Lancer II,
> Offshore, Omnifund, Offshore LSPV, and Partners LSPV were conducted
> and institute such actions and legal proceedings, for their benefit and
> on their behalf, and on behalf of the Funds' investors and other
> creditors, as the Receiver deems necessary . . . against any transfers of
> monies or other proceeds directly or indirectly traceable from investors
> in the Funds; provided such actions may include . . . recovery and
> avoidance of fraudulent transfers under Florida Statute § 726.101 *et seq*.
> or other state law . . .

The Fourth Amended Complaint in this case is ancillary to the Enforcement Action

pursuant to Article IX of the Court's Case Management Order dated January 8, 2004 in

Case No. 03-80612-CIV-MARRA.  *See* Compl. ¶ 9.

On July 9, 2004, the Receiver filed a complaint initiating this proceeding

against more than thirty foreign entities who allegedly received avoidable and

fraudulent transfers.  In the Fourth Amended Complaint, it is alleged that Swisstor &

Co. ("Swisstor"), a Canadian partnership, was an investor who made four

contributions to Lancer Offshore, Inc. ("Offshore"), Lancer Partners, L.P.

("Partners"), Omnifund, Ltd. ("Omnifund"), LSPV, Inc. ("Offshore LSPV") and/or

LSPV, LLC ("Partners LSPV")[2] of $1,000,000.00, $500,000.00, $1,000,000.00, and

$1,000,000.00 on April 2, 1997, August 29, 1997, December 30, 1997 and February 27,

1998, respectively.  *See* Fourth Amended Complaint ("Complaint" or "Compl."), DE

259, ¶ 82 & Ex. B.  It is also alleged that Swisstor received three voidable

redemptions from the Funds in the amounts of $1,330,647.46, $2,026,610.64, and

$4,244,386.21 on July 30, 1999, January 19, 2001 and August 1, 2001, respectively

(the "Redemptions").  Compl. ¶ 83 & Ex. B.  Thus, Swisstor allegedly received from or

on behalf of the Funds total Redemptions which exceeded Swisstor's total

contributions by $4,101,644.31 (the "Excess Redemptions").  The Receiver seeks to

recover these Excess Redemptions as fraudulent avoidable transfers.  Compl. ¶ 84 &

Ex. B.

On January 17, 2007, the Receiver filed the Fourth Amended Complaint which

asserts the following claims:

I.     Actual fraudulent transfer under Florida Statutes §
       726.105(1)(a), Florida Statutes § 726.108 and other
       applicable law;

II.    Constructive fraudulent transfer under Florida Statutes
       §726.105(1)(b), Florida Statutes § 726.108 and other
       applicable law;

III.   Constructive fraudulent transfer under Florida Statutes §
       726.106(1), Florida Statutes § 726.108 and other applicable
       law; and

---

[2]  The Receiver refers to Offshore, Partners, Omnifund, Offshore LSPV and
Partners LSPV together as the "Funds."

IV.    Unjust enrichment.

DE 259.

On August 31, 2007, the Receiver effected service upon Swisstor in Toronto, Ontario pursuant to the Hague Convention under Fed. R. Civ. P. 4(f)(1), which authorizes service on foreign defendants "by any internationally agreed reasonable means, such as those means authorized by the Hague Convention." *See* Declaration of Ursla Lussier dated December 11, 2007 at ¶ 13 ("Lussier Decl.").

## Standard of Review

### Personal Jurisdiction

A federal district court may exercise personal jurisdiction over a nonresident defendant when it "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks omitted).  In cases where the court exercises personal jurisdiction by virtue of a federal statute authorizing nationwide service of process, the requirement of "minimum contacts" with a forum state is inapplicable. *Briggs v. Goodwin*, 569 F.2d 1, 8-10 (D.C. Cir.1977), *rev'd sub nom. on other grounds*, *Stafford v. Briggs*, 444 U.S. 527 (1980).  In such circumstances, minimum contacts with the United States suffice.  *United States Sec. & Exch. Comm'n v. Carrillo,* 115 F.3d 1540, 1543 (11th Cir. 1997) (applicable forum for minimum contacts analysis, in determining whether exercise of personal jurisdiction over nonresident defendant

comports with due process, is the United States, rather than state where suit is brought, in cases where service of process has been effected pursuant to federal statute authorizing nationwide or worldwide service); 4 Charles Alan Wright et al., Federal Practice And Procedure § 1068.1 (2d ed. 1997).

The parties have submitted evidentiary materials in support of their respective positions.  While consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, see Fed.R.Civ.P. 12(b), in the context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered.  *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984).

An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory.  *E.g., Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990); *Bracewell*, 748 F.2d at 1504.  Because the parties did not request an evidentiary hearing, the Court exercises its discretion not to conduct one.

Absent an evidentiary hearing, the plaintiff need not prove the existence of personal jurisdiction by a preponderance of the evidence; rather, the plaintiff's burden is to establish a prima facie case of personal jurisdiction.  *E.g., Carrillo,* 115 F.3d at 1542.  A prima facie case requires "enough evidence to withstand a motion for directed verdict."  *Id*. (internal quotes omitted).  In determining whether the plaintiff has established a prima facie case, the Court must accept as true all allegations of the complaint that are not controverted by evidence submitted by the defendant.

*E.g., id; Bracewell*, 748 F.2d at 1504.  Thus, if the allegations of the complaint establish a prima facie case of personal jurisdiction and the defendant submits no evidence controverting those allegations, the jurisdictional inquiry comes to an end.

If the allegations of the complaint do not themselves establish a prima facie case of personal jurisdiction, or if they are controverted by the defendant's evidence, the plaintiff must respond with affirmative evidence to supply the deficiency.  *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).  If the plaintiff does so, its evidence is to be credited even if it conflicts with the defendant's evidence.  *E.g., Molina v. Merritt & Furman,* 207 F.3d at 1356; *Morris v. SSE, Inc.* 843 F.2d 489, 492 (11th Cir. 1988).

**Discussion**

**Personal Jurisdiction**

New York's long-arm jurisdiction statute can be relied upon for this Court to exercise personal jurisdiction over Swisstor.  This is a federal receivership proceeding, and the Receiver timely filed the receivership order in the Southern District of New York.  As this Court has previously held, based on 28 U.S.C. §§ 754 and 1692, the territorial jurisdiction of this Court, as the appointing Court for this Receivership, covers any and all districts in the United States where property believed to be that of the Receivership estate is found, so long as the proper documents have been filed by the Receiver in each such district as required by § 754.  *See Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 823-24 (6th Cir. 1981); *SEC v. Vision*

*Comm., Inc.*, 74 F.3d 287, 290 (D.C. Cir. 1996); Order and Opinion Granting Wise Global's Motion to Dismiss, DE 161.  Because the receivership order was timely filed in the Southern District of New York, this Court's geographical jurisdiction extends to New York.  If Swisstor is subject to personal jurisdiction in New York, this Court may likewise exercise jurisdiction over Swisstor in this action.  *See Haile*, 657 F.2d at 823-24.

Swisstor argues that because the Receiver served Swisstor under the Hague Convention rather than the federal receivership statutes authorizing nationwide service of process, the applicable forum for determining Swisstor's jurisdictional contacts is the state of Florida, not the United States as a whole.  Swisstor relies on *General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335 (S.D. Fla. 2002) for this proposition.  In *General Cigar*, this Court noted that in order to activate the worldwide service provision of the Clayton Act and make use of its national contacts test, General Cigar had to serve the defendant pursuant to the Clayton Act.  *Id*. at 1342.

The Court in *General Cigar* never considered the interplay between 28 U.S.C. § 1692 and the Hague Convention.  Whether its holding applies to the facts here is open to debate.  In any case, even assuming service was effective, the Court concludes that Swisstor is not subject to personal jurisdiction in New York and consequently,

this Court may not exercise jurisdiction over Swisstor.[3]

Long-arm statutes confer "specific jurisdiction" over a defendant when the cause of action arises out of the defendant's state-connected activity.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 & n.15 (1985).  New York's long-arm statute allows for the exercise of specific personal jurisdiction over a non-domiciliary who, in person or through an agent, transacts any business within the state. Jurisdiction is proper when (1) the defendant has transacted business in New York, and (2) the cause of action arises out of the subject matter of the transacted business.  N.Y. CPLR § 302(a)(1); *Sole Resort, S.A. de C.V. v. Allure Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006); *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (N.Y. 2007) (stating that under § 302(a) "'a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state' if the cause of action asserted arises out of that transaction"); *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 387 (S.D.N.Y. 2006).

A non-resident "transacts business" in New York within the meaning of its long-arm statute when he purposefully avails himself of the privilege of conducting

---

[3]  The Receiver's opposition brief abandons any attempt to argue that Swisstor is subject to jurisdiction of this Court based on contacts with the state of Florida. Instead, the Receiver relies entirely on a nationwide contacts analysis, and attempts to use the New York long arm statute as a basis for personal jurisdiction over Swisstor.  *See* DE 469 at 6-12.

activities within New York, thus invoking the benefits and protections of its laws. *Beatie and Osborn*, 431 F. Supp. 2d 367; *Cutco Indus. Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 391 (S.D.N.Y. 2005) (defendant who transacts business in New York will be subject to personal jurisdiction there if acts were purposeful and there is substantial relationship between those acts and plaintiff's claim).

The test for jurisdiction under New York's long-arm statute is qualitative rather than quantitative, and the inquiry should be designed to determine whether the defendant has engaged in some purposeful activity in New York in connection with the matter in suit. *Wickers Sportswear, Inc. v. Gentry Mills, Inc.,* 411 F. Supp. 2d 202, 208 (E.D.N.Y. 2006); *EED Holdings v. Palmer Johnson Acquisition Corp.,* 387 F. Supp. 2d 265, 272 (S.D.N.Y. 2004) (jurisdictional inquiry under New York's long-arm statute focuses on whether the defendant engaged in some purposeful activity in New York in connection with matter in suit). New York's long-arm statute is a single act statute, empowering courts to exercise specific jurisdiction over a non-domiciliary on the basis of one transaction in the forum so long as the defendant's activities in New York were purposeful and there is a substantial relationship between the transaction and claim asserted. *Packer v. TDI Systems, Inc.,* 959 F. Supp. 192, 197 (S.D.N.Y. 1997). New York's long arm statute should be broadly construed, *i.e.*, to the limits of due process. *Ulster Scientific, Inc. v. Guest Elchrom Scientific AG,* 181 F. Supp. 2d 95, 101 (N.D.N.Y. 2001).

The record evidence demonstrates that Swisstor did not purposefully avail itself of the privilege of conducting activities within New York.  The affidavit of Ursla Lussier and Swisstor's sworn interrogatory answers demonstrate that at the time Swisstor received the Excess Redemptions, Swisstor had not sold any products or services, had no personnel or agents, did not own or lease any real property, had no bank accounts, maintained no offices or places of business, had not advertised or solicited any business, derived no revenue, and had no contacts with New York or the United States.  DE 443-2 at ¶¶ 4-11; DE 469-3 at 2-8.  Swisstor executed the subscription agreements and redemption requests outside the United States, and all of Swisstor's communications with the Funds regarding these transactions were directed to Citco Fund Services (Curacao) N.V. ("Citco") in Curacao, Netherlands Antilles.  DE 469-3 at 3, 5; DE 469-5.  Swisstor's sole "contact" with New York was to route, via wire transfer, the monies used to purchase shares in Lancer Offshore through an account at Republic National Bank of New York for further transfer to Lancer's offshore account, as per the instructions contained in the subscription documents.  DE 443-2 at ¶ 12.  There is no allegation that this account at Republic National Bank belonged to Swisstor.

It is upon the following allegations that the Receiver claims he has established a prima facie case of specific personal jurisdiction over Swisstor:

1.     Swisstor was an investor in the Funds; the Funds were managed by Lauer and the Management Companies in New York; the Funds' assets, records, and

accounts were all located in New York; and the Funds invested in United States

securities on United States exchanges.  Compl. ¶¶ 10, 12-25, 82-84 and 90.

2.      Swisstor, through Citco, made its redemption requests to Martin Garvey in New

York.

3.      The subscription agreement, signed by Swisstor, appoints Citco as fund

administrator, proxy agent and attorney-in-fact for the limited purposes set

forth therein.[4]  Swisstor maintained contact with the Receivership Entities in

New York by and through Citco, as fund administrator.  Citco maintains

affiliate locations in many states, including New York.

Swisstor responds that the bare assertion that the Funds' "assets, records,

accounts and management were all located in New York," does not establish personal

jurisdiction.  The Court agrees.  These assertions do not suggest that Swisstor

engaged in purposeful activity in New York in connection with the Funds or Excess

Redemptions.  Swisstor also accurately points out that the paragraphs cited by the

Receiver as alleging that the Funds' "assets" and "accounts" were located in New

York, do not actually allege that the Funds' assets and accounts were located in New

---

[4]  "The Investor hereby designates and appoints Citco Fund Services (Curacao)
N.V. and its successors as administrators of the Fund ("Administrator"), through their
respective authorized officers and directors, with full power of substitution, as the
Investors true and lawful proxy and attorney-in-fact to vote the Shares being
subscribed for by the Investor for the Investor at any annual or special meeting of
shareholders for all matters proposed by the Board of directors of the Fund. . ."  DE
443-5 at 7.

York.

Also unpersuasive is the Receiver's assertion that "Swisstor, through Citco made its redemption requests to Martin Garvey in New York." DE 469 at 11. Swisstor's sworn interrogatory answers, and even the documents cited by the Receiver, demonstrate the opposite, namely, that Swisstor made its redemption requests to Citco in Curacao. *See* DE 469-3 at 3, 5; DE 469-5. The fact that Citco forwarded copies of the redemption requests to Mr. Garvey in New York is immaterial, especially since there is no evidence that Swisstor even knew about it or that Mr. Garvey had any involvement in effecting the redemptions. DE 485 at 5, n.4.

Finally, the Receiver attempts to impute the activities of Citco to Swisstor based on a theory of agency. This theory purportedly arises from the subscription agreement which all investors in Lancer Offshore were required to sign, designating and appointing Citco as their proxy and attorney-in-fact for the limited purpose of voting the investors' shares in the fund at the annual meetings in the British Virgin Islands. DE 443-5 at 7. The Receiver asserts that the presence of Citco's affiliates in New York confers personal jurisdiction over Swisstor. There are no such allegations in the Complaint and this argument lacks factual support regarding the alleged agent's activities. For instance, there are no allegations that Citco engaged in any activities in New York in relation to the Excess Redemptions for the benefit of and with the knowledge and consent of Swisstor or that Swisstor exercised some control over Citco. *See, e.g., Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.,* 264

F.3d 32, 36-37 (2d Cir. 2001).  Furthermore, there is even less basis to impute the presence or activities of Citco's affiliates in the United States to Swisstor, where there is no alleged corporate relationship to Citco or dealings with Citco's United States affiliates.

Alternatively, the Receiver asserts that the Court may exercise personal jurisdiction over Swisstor by virtue of its minimum contacts with the United States as a whole pursuant to Federal Rule of Civil Procedure 4(k)(2).  Rule 4(k)(2) provides that, for a claim that arises under federal law, the service of a summons establishes personal jurisdiction if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercise of jurisdiction is consistent with the United States Constitution and laws.  *See* Fed.R.Civ.P. 4(k)(2).  Under 4(k)(2), a federal court may exercise personal jurisdiction over a defendant that has sufficient minimum contacts with the United States as a whole but insufficient minimum contacts with any particular state.  The rule provides, "[i]f . . . the defendant contends that he cannot be sued in the forum state and *refuses to identify* any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Porina v. Marward Shipping Co., Ltd.*, Case No. 05 CIV. 56212006, WL 2465819, *4 (S.D.N.Y. Aug. 24, 2006) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551-52 (7th Cir. 2001)) (emphasis supplied).  This entitlement, however, does not relieve the Plaintiff of his burden under Rule 4(k)(2) of establishing that there is personal jurisdiction.  *Id*.

This Rule is inapplicable to the instant circumstances for several reasons.

First, the Receiver has not explained how Swisstor refused to identify any state where

suit is possible.  Swisstor states it "has identified its contacts with the United States:

there are none."  DE 485 at 8.  The Receiver has not shown this answer to be false.

Nor has the Receiver moved to compel better or more complete answers to

interrogatories, or made any assertions regarding Swisstor's failure to cooperate in

jurisdictional discovery.  In addition, the Receiver has not established any of the key

requirements necessary for application of this Rule.

> A plaintiff who seeks to invoke Rule 4(k)(2) must make a prima facie
> case for the applicability of the rule.  This includes a tripartite showing
> (1) that the claim asserted arises under federal law, (2) that personal
> jurisdiction is not available under any situation-specific federal statute,
> and (3) that the putative defendant's contacts with the nation as a
> whole suffice to satisfy the applicable constitutional requirements.  The
> plaintiff, moreover, must certify that, based on the information that is
> readily available to the plaintiff and his counsel, the defendant is not
> subject to suit in the courts of general jurisdiction of any state.  If the
> plaintiff makes out his prima facie case, the burden shifts to the
> defendant to produce evidence which, if credited, would show either
> that one or more specific states exist in which it would be subject to
> suit or that its contacts with the United States are constitutionally
> insufficient.

*Porina v. Marward Shipping Co., Ltd.*, Case No. 05 CIV. 56212006, WL 2465819, *4

(S.D.N.Y. Aug. 24, 2006) (quoting *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30,

41-42 (1st Cir. 1999)).

Applying the analytical format provided above, it is apparent that the first

requirement is not satisfied because all of the Receiver's claims are asserted under

Florida law, namely the Uniform Fraudulent Transfers Act (Counts I-III) and Florida common law (Count IV).  These claims do not involve "substantial questions of federal law" that are "actually in dispute."  *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg*, 545 U.S. 308, 319 (2005); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689 (2006).  Consequently, the Receiver's claims do not "arise under federal law."

Additionally, the Receiver has not shown that Swisstor has sufficient minimum contacts in the United States so that "the exercise of jurisdiction is consistent with the Constitution and laws of the United States."[5]  Rule 4(k)(2).  Lastly, the Receiver has not demonstrated that Swisstor has had sufficient contacts to satisfy the requirement of Due Process.  Accordingly, personal jurisdiction cannot be conferred by Rule 4(k)(2).

Since the Court finds that the Court lacks personal jurisdiction over Swisstor, it is unnecessary to address any of the other issues raised by Swisstor.

---

[5]  The Due Process Clause of the Fourteenth Amendment limits the power of a court to exert personal jurisdiction over a nonresident defendant.  *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987).  In *International Shoe Co. v. Washington*, the Supreme Court articulated the due process requirement that in order to subject a defendant to personal jurisdiction, he must have certain "minimum contacts" with the forum such that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice' " 236 U.S. at 316 (internal citation omitted).

## CONCLUSION

Under the totality of circumstances, the Receiver has not demonstrated that Swisstor transacts business in New York or that Swisstor has sufficient minimum contacts with the United States to support in personam jurisdiction.  This Court, therefore, has no basis for personal jurisdiction over Swisstor because Swisstor has not had any contact with the United States.  Therefore, Swisstor's Motion to Dismiss must be granted.

Accordingly, for the reasons explained above, it is hereby

**ORDERED AND ADJUDGED** that Swisstor & Co.'s Renewed Motion to Dismiss the Fourth Amended Complaint [DE 442] **is GRANTED**.  The Fourth Amended Complaint is dismissed as to Swisstor for lack of personal jurisdiction over Swisstor.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson