UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60898-CIV-MARRA

MARTY STEINBERG,
as Court-appointed Receiver for
LANCER MANAGEMENT GROUP
LLC, et al.

Plaintiffs

vs.

A ANALYST LIMITED, et al.

Defendants.
______________________________/

**ORDER AND OPINION GRANTING MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Phoenix Financial Investments Limited's Renewed Motion to Dismiss the Fourth Amended Complaint [DE 478]. The Court has carefully considered the relevant filings and is otherwise fully advised in the premises. Phoenix moves to dismiss the Complaint for lack of personal jurisdiction and because of the availability of a more convenient forum overseas.

**Background and Introduction**[1]

On July 8, 2003, the Securities and Exchange Commission filed in this Court a Complaint for Injunctive and Other Relief against Michael Lauer, Lancer Management Group, LLC, Lancer Management Group II, LLC, Lancer Offshore, Inc., Lancer

[1] Because the Court assumes familiarity with this case and the numerous substantive orders entered on similar motions filed in the Enforcement Action and ancillary matters, it will engage in only a brief discussion of the factual and procedural background of this case.

Partners, L.P., Omnifund, Ltd., LSPV, Inc. and LSPV, LLC, initiating Case No. 03-80612-CIV (the "Enforcement Action"). On July 10, 2003, this Court entered an Order in the Enforcement Action, which, among other things, appointed Marty Steinberg as receiver (the "Receiver") for the above mentioned entities. Paragraph 2 of the Receivership Order directs the Receiver to:

> Investigate the manner in which the affairs of Lancer, Lancer II, Offshore, Omnifund, Offshore LSPV, and Partners LSPV were conducted and institute such actions and legal proceedings, for their benefit and on their behalf, and on behalf of the Funds' investors and other creditors, as the Receiver deems necessary . . . against any transfers of monies or other proceeds directly or indirectly traceable from investors in the Funds; provided such actions may include . . . recovery and avoidance of fraudulent transfers under Florida Statute § 726.101 *et seq*. or other state law . . .

The Fourth Amended Complaint in this case is ancillary to the Enforcement Action pursuant to Article IX of the Court's Case Management Order dated January 8, 2004 in Case No. 03-80612-CIV-MARRA. *See* Compl. ¶ 9.

On July 9, 2004, the Receiver filed a complaint initiating this proceeding against numerous parties who allegedly received avoidable and fraudulent transfers. In the Fourth Amended Complaint, it is alleged that Phoenix Financial Investments, Ltd. ("Phoenix") was an investor who made a contribution to Lancer Offshore, Inc. ("Offshore") of $504,172.65 on March 9, 1999 and $400,000.00 on August 2, 1999. *See* Fourth Amended Complaint ("Complaint" or "Compl."), DE 259, ¶ 82 & Ex. B. The Receiver also asserts that Phoenix received six allegedly voidable redemptions from Offshore in the amounts of $300,000.00, $1,000,000.00, $9,192.01, $262,325.09,

$323,341.86 and $708,406.29 on April 5, 2000, October 10, 2000, and January 19, 2001. Compl. ¶ 83 & Ex. B. Thus, Phoenix allegedly received from or on behalf of Offshore total redemptions which exceeded Phoenix's total contributions by $1,699.092.60 (the "Excess Redemptions"). The Receiver seeks to recover these Excess Redemptions as fraudulent avoidable transfers. Compl. ¶ 84 & Ex. B.

The Complaint asserts the following claims:

I. Actual fraudulent transfer under Florida Statutes § 726.105(1)(a), Florida Statutes § 726.108 and other applicable law;

II. Constructive fraudulent transfer under Florida Statutes §726.105(1)(b), Florida Statutes § 726.108 and other applicable law;

III. Constructive fraudulent transfer under Florida Statutes § 726.106(1), Florida Statutes § 726.108 and other applicable law; and

IV. Unjust enrichment.

DE 259.

On September 27, 2006, process was served on a registered agent for Phoenix in the British Virgin Islands pursuant to the Hague Convention. *See* Request for Service Abroad of Judicial or Extrajudicial Documents (attached as Ex. A to the Declaration of Emma Terrell Leitch ("Leitch Decl."). On November 30, 2006, Phoenix filed a motion to dismiss for lack of personal jurisdiction and on the grounds of forum non conveniens. Phoenix submitted a revised motion to dismiss on January 29, 2007 [DE 266]. The Receiver did not file an opposition to Phoenix's motion. Rather, the

Receiver moved for entry of a case management order, simultaneously seeking a 180 day extension of time to respond and to conduct jurisdictional discovery, as well as leave to file a Fourth Amended Complaint. On January 12, 2007, the Court granted the Receiver leave to amend the Corrected Third Amended Complaint, and the Receiver filed the Fourth Amended Complaint, thus mooting Phoenix's prior motion to dismiss [DE 258].

On March 9, 2007, the Court authorized the Receiver to conduct "narrowly tailored . . . written jurisdictional discovery" [DE 295]. The Receiver served Phoenix with interrogatories and document requests on March 23, 2007. On October 11, 2007, Phoenix completed its responses to the Receiver's discovery requests. Since that time, Phoenix states the Receiver has been unwilling to either voluntarily dismiss the case as to it or discuss the basis for continuing to argue that Phoenix is subject to personal jurisdiction in this district or anywhere in the United States. *See* Leitch Decl. ¶¶ 2-3 [DE 479]. With jurisdictional discovery complete, Phoenix renewed its motion to dismiss.

The Receiver was then granted leave to file a Fifth Amended Complaint. In response to the Court's inquiry, Phoenix filed a notice that it did not believe the Fifth Amended Complaint adds any new jurisdictional allegations that pertain to it, and that it stood on its motion to dismiss the Fourth Amended Complaint. Phoenix requested that its motion to dismiss the Fourth Amended Complaint be made equally applicable to the Fifth Amended Complaint [DE 505]. The Court has accordingly

considered the arguments raised in the motion filed on September 11, 2008, and the response and reply thereto as it applies to the Fifth Amended Complaint.

**Jurisdictional Facts**

Defendant Phoenix is a limited liability corporation registered in the British Virgin Islands with a principal place of business in London, England. *See* Declaration of Vinod Vaghadia, Chief Financial Officer for Phoenix [DE 266 at 20] ("Vaghadia Decl.") ¶ 2. Phoenix has never maintained any office, mailing address, place of business, business operation, agent for service of process, or any employee in the United States. *Id.* Phoenix has never conducted business in any jurisdiction of the United States. *Id.* It has never engaged in advertising, marketing, or solicitation activity in the United States. *Id.* Phoenix has never had a bank account anywhere in the United States. *Id.* ¶ 4. It has never owned real or personal property in the United States. *Id.* ¶ 2.

Phoenix's bank, SG Hambros Bank & Trust (Guernsey) Ltd. ("SG Hambros"), a non-party to this action, is located in Guernsey, Channel Islands, a Dependency of the British Crown. Although SG Hambros maintains a bank account in New York for the purpose of facilitating United States dollar-denominated transactions on behalf of its clients, Phoenix did not open this New York account, has never issued instructions with regard to this account, and does not use it to transact business in New York or

anywhere else.[2] *Id.* ¶ 4. Phoenix is not registered to do business in any jurisdiction of the United States, and has never sought registration from any state or federal agency. *Id.* ¶ 2.

Phoenix was an investor who acquired 2,357.823 shares in Lancer Offshore, Inc. ("Lancer Offshore"), a British Virgin Islands ("BVI") international business corporation. Phoenix acquired these shares from Parview, Inc., a Panamanian registered corporation with a principal place of business in London, England. Phoenix bought an additional 684.01 shares in Lancer Offshore through Lancer Offshore's administrator, Citco Fund Services (Curaçao) N.V. ("Citco"), a Netherlands Antilles entity. Vaghadia Decl. ¶¶ 5-6, Compl. Ex. B.

In April and October of 2000, Phoenix made redemptions of portions of its holdings in Lancer Offshore, and in January 2001, Phoenix redeemed the remainder of its Lancer Offshore shares. Compl. Ex. B. Phoenix accomplished each of these redemptions by faxing a redemption request from its office in London to Citco in Curaçao. Vaghadia Decl. ¶¶ 7-10.

---

[2] This Court has ruled that the fact that a defendant maintains an account at a non-United States bank that in turn maintains an account at a New York bank solely for the purpose of facilitating fund transfers in United States dollars is insufficient, in and of itself, to serve as a basis for assertion of personal jurisdiction over that defendant. *See* Order and Opinion Granting Wise Global's Motion to Dismiss, *Steinberg v. A Analyst, et al.*, 04-60898-Civ (S.D. Fla. Sept. 22, 2006) [DE 161] at 13-15.

## Standard of Review

**Personal Jurisdiction**

A federal district court may exercise personal jurisdiction over a nonresident defendant when it "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks omitted). In cases where the court exercises personal jurisdiction by virtue of a federal statute authorizing nationwide service of process, the requirement of "minimum contacts" with a forum state is inapplicable. *Briggs v. Goodwin*, 569 F.2d 1, 8-10 (D.C. Cir.1977), *rev'd sub nom. on other grounds*, *Stafford v. Briggs*, 444 U.S. 527 (1980). In such circumstances, minimum contacts with the United States suffice. *United States Sec. & Exch. Comm'n v. Carrillo,* 115 F.3d 1540, 1543 (11th Cir. 1997) (applicable forum for minimum contacts analysis, in determining whether exercise of personal jurisdiction over nonresident defendant comports with due process, is the United States, rather than state where suit is brought, in cases where service of process has been effected pursuant to federal statute authorizing nationwide or worldwide service); 4 Charles Alan Wright et al., Federal Practice And Procedure § 1068.1 (2d ed. 1997).

The parties have submitted evidentiary materials in support of their respective positions. While the consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, *see* Fed.R.Civ.P. 12(b), in the

context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered. *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984).

An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory. *E.g., Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990); *Bracewell*, 748 F.2d at 1504. Because the parties did not request an evidentiary hearing, the Court exercises its discretion not to conduct one.

Absent an evidentiary hearing, the plaintiff need not prove the existence of personal jurisdiction by a preponderance of the evidence; rather, the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *E.g., Carrillo,* 115 F.3d at 1542. A prima facie case requires "enough evidence to withstand a motion for directed verdict." *Id.* (internal quotes omitted). In determining whether the plaintiff has established a prima facie case, the Court must accept as true all allegations of the complaint that are not controverted by evidence submitted by the defendant. *E.g., id; Bracewell*, 748 F.2d at 1504.

If the allegations of the complaint do not themselves establish a prima facie case of personal jurisdiction, or if they are controverted by the defendant's evidence, the plaintiff must respond with affirmative evidence to supply the deficiency. *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). If the plaintiff does so, its evidence is to be credited even if it conflicts with the defendant's evidence. *E.g., Molina v. Merritt & Furman*, 207 F.3d at 1356; *Morris v. SSE, Inc.* 843 F.2d 489, 492

(11th Cir. 1988).

The Receiver has not satisfied his burden to establish the existence of personal jurisdiction over Phoenix. The conclusory jurisdictional allegations of the complaint are insufficient to establish a prima facie showing. *Posner*, 178 F.3d at 1217-18; *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Even after conducting jurisdictional discovery, the Receiver has not been able to state a prima facie case of this Court's personal jurisdiction over Phoenix.

**Discussion**

In his memorandum of law in opposition to the Motion to Dismiss, the Receiver advances several bases for the assertion of personal jurisdiction over Phoenix, none of which have any merit. For instance, the Receiver argues that this Court has personal jurisdiction over Phoenix pursuant to New York's Long-Arm Statute and the Subscription Agreement Phoenix signed which appoints Citco as fund administrator, proxy agent and attorney-in-fact for certain limited purposes.[3] Specifically, the Receiver argues that "Phoenix's relationship with Citco was essentially that of principal and agent, in that Citco in effect, acted as agent for Phoenix in connection

[3] "The Subscriber hereby designates and appoints CITCO Fund Services (Curaçao) N.V. and its successors as administrators of the Fund ("Administrator"), through their respective authorized officers and directors, with full power of substitution, as the Subscribers true and lawful proxy and attorney-in-fact to vote the Shares being subscribed for by the Subscriber at any annual or special meeting of shareholders for all matters proposed by the Board of directors of the Fund. . ." *See* Jurisdictional Discovery Responses, PHX 087, DE 487-4.

with subscriptions, redemptions, and other activities with the Funds." DE 487 at 11.

In order to show a basis for jurisdiction over a foreign defendant based upon an alleged agent's conduct within New York, a plaintiff must establish either a formal agency relationship or that the purported agent "engaged in purposeful activities in this state in relation to his transaction for the benefit of and with the knowledge and consent of [the defendant] and that [defendant] exercised some control over [the agent] in this matter." *Reiss v. GAN S.A.*, 78 F. Supp. 2d 147, 159 (S.D.N.Y. 1999) vacated on other grounds, 235 F.3d 738 (2d Cir. 2000) citing *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986). The Receiver makes this bald assertion of agency without *any* evidence of an agency relationship.

The Receiver also relies on the Subscription Agreement. This agreement appointed Citco as fund administrator, proxy agent, and attorney-in-fact only for the very limited purpose of voting the shares subscribed by the investor at Lancer Offshore's annual or special meetings in the BVI. The Receiver does not identify any instance in which Citco actually did vote Phoenix's proxy, or how such activity was tied to New York.

The Receiver additionally contends that Citco, because it processed the subscription and redemption orders for Phoenix, engaged in activities within New York state and acted as Phoenix's de facto agent while so doing. The Court rejects this contention. It is clear and uncontested that in performing these functions, Citco was acting as Lancer Offshore's fund administrator, not as Phoenix's agent. *See*

Lancer Offshore Placement Memorandum, DE 487-4 at 28-37, PHX 121 (noting that the Offshore Fund had retained Citco to "perform administrative services"). Citco processed subscriptions and redemptions pursuant to its contract with Lancer Offshore, and it was paid administrative fees by the fund for its work. *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, No. 05-60080-Civ, 2008 WL 926512, *2 (S.D. Fla. Mar. 31, 2008); *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, No. 05-60080-Civ, 2008 WL 926513, *1 (S.D. Fla. Mar. 31, 2008). There is no allegation or evidence that Phoenix had control over Citco at any time, or that Citco's affiliates in New York carried out any functions relating to the funds, much less any functions on behalf of Phoenix.

The Receiver also claims Federal Rule of Civil Procedure 4(k)(2) ("Rule 4(k)(2)") as a basis for personal jurisdiction over Phoenix. Under Rule 4(k)(2), a federal court may exercise personal jurisdiction over a defendant that has sufficient minimum contacts with the United States as a whole, but insufficient minimum contacts with any particular state. *S.E.C. v. Carrillo* 115 F.3d 1540, 1543 (11th Cir. 1997). Thus, if a defendant asserts that it does not have sufficient minimum contacts with any particular state, then a federal court may exercise personal jurisdiction over the defendant if it has minimum contacts with the United States and service of process was effected pursuant to a federal statute authorizing nationwide or worldwide service. *Id.* The Receiver then extrapolates that since Phoenix contends that it cannot be sued in the forum state and refuses to identify any other where suit

is possible, then this federal court is entitled to use Rule 4(k)(2). Response at 12, DE 487. The Receiver attempts to use Rule 4(k)(2) to acquire jurisdiction over Phoenix because "Phoenix has denied that it has sufficient minimum contacts with Florida and New York and has refused to identify any state where it may have minimum contacts." *Id.* What the Receiver seems to be asserting is that Rule 4(k)(2) allows this Court to assert personal jurisdiction over Phoenix simply because Phoenix states it does not have any contacts with the United States. This argument attempts to stretch the reach of Rule 4(k)(2) too far.[4] The Receiver does not explain why, after months of jurisdictional discovery, it does not have any evidence suggesting Phoenix has contacts with the United States. The record evidence supports the conclusion that Phoenix has not had any contacts with any state of the United States, and this Court, therefore, has no basis for personal jurisdiction over Phoenix. Vaghadia Decl. ¶ 2. As a result, Phoenix's Motion to Dismiss must be granted.

Accordingly, for the reasons explained above, it is hereby

ORDERED AND ADJUDGED that Defendant Phoenix Financial Investments Limited's Renewed Motion to Dismiss the Fourth Amended Complaint [DE 478] is GRANTED. The Fifth Amended Complaint is dismissed as to Phoenix Financial

[4] The Court will not expend any more judicial effort addressing related questions, such as whether the holding in *General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335 (S.D. Fla. 2002) dictates that the Receiver must rely on Florida's Long-Arm Statute rather than a nationwide minimum contacts analysis.

Investments Limited for lack of personal jurisdiction over it.[5]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of September, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson

[5] Unable to articulate any valid basis for alleging that Phoenix is subject to personal jurisdiction here or anywhere in the United States, the Court concludes that the Receiver should have conceded that dismissal of this action against Phoenix was appropriate after the conclusion of jurisdictional discovery. Accordingly, the Court will not approve attorney's fees for any time spent on defending the motion to dismiss by Phoenix after October 11, 2007. The Receiver is instructed to provide to the Court an accounting of the amount of time spent defending its Complaint against Phoenix after October 11, 2007, the tasks performed, and the amount of fees requested for that time. The Receiver will not bill for the time it takes to comply with this Order. Judge Johnson is instructed to subtract that amount from the next fee application she considers.